# EXHIBIT A

| | |
|---|---|
| McNichol, Byrne & Matlawski, P.C.<br>James J. Byrne, Jr., Esquire<br>Attorney I.D. No. 41619<br>Kaitlyn T. Searls, Esquire<br>Attorney I.D. No. 311237<br>1223 N. Providence Road<br>Media, PA 19063<br>(610) 565-4233 | Attorneys for Plaintiff,<br>Kay Jackson |

## COURT OF COMMON PLEAS OF
## PHILADELPHIA COUNTY

| | | |
|---|---|---|
| **KAY JACKSON**<br>500 Sheffield Drive<br>Wallingford, PA 19086<br>Plaintiff | : | CIVIL ACTION |
| vs. | : | TERM, 2025 |
| **WALT DISNEY PARKS AND RESORTS U.S., INC.**<br>1375 Buena Vista Drive, 4th Floor<br>Lake Buena Vista, Fl 32820<br>Defendant | : | NO.<br><br>**Jury Trial Demanded** |

### COMPLAINT

AND NOW, comes the Plaintiff, Scott Petrucelli, by and through his attorneys, McNichol, Byrne, & Matlawski, P.C. and respectfully sets forth as follows:

### PARTIES

1.  Plaintiff, Kay Jackson, is an adult individual currently residing at 500 Sheffield Drive, Wallingford, PA 19086. ("Plaintiff").

2.  Defendant, Walt Disney Parks and Resorts U.S., Inc., is a corporation or other business entity organized under the laws of the state of Florida, with a registered principal address of 1375 Buena Vista Drive, 4th Floor, Lake Buena Vista, FL 32830. ("Disney").

SERVED THIS _1_ DAY OF _July_
20 _25_ AT _9:00_ A.M. _____ P.M.
WALT McNEIL, SHERIFF OF LEON COUNTY, FL
BY _____ DS

SEAL
A TRUE COPY

SHERIFF LEON COUNTY, FLORIDA

Case ID: 250601117

3.  Defendant's registered agent is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida, 32301.

4.  Magic Kingdom is a park in Disney World with an address of 1180 Seven Seas Drive Lake Buena Vista, FL 32830.

5.  Disney owns and operates Magic Kingdom as well as the monorail that spans the different Disney parks.

## JURISDICTION

6.  This Court has jurisdiction pursuant to Pa. R.C.P. 2179(a)(2), as Defendant regularly conducts business in Philadelphia County.

## FACTS

7.  On or about June 14, 2023, Plaintiff, who was 36 years old at the time, visited Walt Disney World.

8.  Plaintiff is diagnosed with spina bifida and, as such, utilized a wheelchair while at Walt Disney World.

9.  On the above date, Plaintiff exited the monorail at Magic Kingdom in her wheelchair.

10. Seeing as the pathway ramp before her was very steep, Plaintiff requested assistance from a Walt Disney World park employee to get down the hill, which was refused.

11. Around this same time, other employees at Walk Disney World were setting up a rope at the bottom of the hill in anticipation of a parade.

12. As a result of the Defendant's failure to assist Plaintiff, she began traveling down the ramp at such an excessive speed that she was caused to suffer serious injury when colliding with the guiding rope at the bottom of the hill.

Case ID: 250601117

13. The rope sliced Plaintiff's throat and neck causing severe deep lacerations as well as severe bruising.

14. Plaintiff was transported by ambulance to Orlando Health Emergency Department.

15. Ms. Jackson's laceration required several stiches on the outside and inside of her throat to repair the wound.

16. Ms. Jackson was also diagnosed with a concussion and had difficulty speaking due to her neck injury.

17. As a direct and proximate cause of the aforesaid negligence and carelessness of the Defendant, Plaintiff suffered severe and permanent injuries, including, but not limited to, the following:

    a. Neck pain;

    b. Neck laceration;

    c. Permanent scarring;

    d. Severe bruising;

    e. Concussion;

    f. Concussion symptoms;

    g. Difficulty speaking;

18. Said injuries were directly and proximately caused by the carelessness and negligence of the Defendant in refusing to assist a wheelchair bound invitee down a steep slope on their premises.

19. As a direct and proximate result of the negligence of the Defendant, Plaintiff required and continues to require medical care and treatment.

Case ID: 250601117

20. As a direct and proximate result of the negligence of the Defendant, Plaintiff has incurred medical expenses and will continue to incur medical expenses for the care and treatment of his injuries for a long and indefinite time in the future.

21. By reason of the injuries sustained as aforesaid, Plaintiff has been and may continue to be hindered from attending to her daily duties, functions, occupations, and avocations, to her great detriment.

22. Plaintiff alleges that all of his losses and damages, past, present, and prospective were directly and proximately caused by the negligence of the Defendant, without any negligence of Plaintiff contributing thereto.

23. Defendant, had or should have had knowledge or notice of the existence of the dangerous condition, more particularly to the dangerous and unsafe slope.

## COUNT I - Negligence

24. The preceding paragraphs are incorporated herein as though fully set forth at length herein.

25. Defendant, by and through its employees acting within the scope and course of their employment were negligent and careless as follows:

    a. allowing a dangerous condition, an unsafe slope, to exist on the premises of the park;

    b. failing to exercise reasonable care to warn Plaintiff of the dangerous condition;

    c. failing to offer assistance to plaintiff who was wheelchair bound;

    d. failing to assist Plaintiff with her wheelchair after being requested to do so;

Case ID: 250601117

       d.      Negligent and careless under the circumstances;

       e.      Failing to have signs, paint, railings, warnings or other measures to properly warn invitees of the dangerous and steep slope;

26. At all times relevant hereto, Plaintiff acted with due care and was not contributorily negligent.

27. Solely as the result of Defendant's negligence and carelessness, Plaintiff was caused and will continue to endure for an indefinite time in the future great physical pain and suffering.

28. Solely as the result of Defendant's negligence and carelessness, Plaintiff was caused and will continue to endure for an indefinite time in the future mental anxiety and anguish to his great detriment and loss.

29. Solely as the result of Defendant's negligence and carelessness, Plaintiff's overall quality of life has been greatly diminished.

30. Solely as the result of Defendant's negligence and carelessness, Plaintiff has suffered and will continue to suffer in the future an interruption of his daily habits and pursuits to his great and permanent detriment and loss, including but not limited to personal and family activities and responsibilities.

31. Solely as the result of Defendant's negligence and carelessness, Plaintiff has suffered the loss of earnings and/or earning capacity.

32. Solely as the result of Defendant's negligence and carelessness, Plaintiff has and will in the future be obliged to expend monies for medicine, medical care and rehabilitation in order to treat and help cure his injuries.

33. Solely as the result of Defendant's negligence and carelessness, Plaintiff has suffered permanent disabilities.

**WHEREFORE**, Plaintiff, Kay Jackson demands judgment in his favor and against the Defendant in an amount in excess of Fifty Thousand Dollars ($50,000.00), in addition to interests and costs.

                Respectfully submitted,

By:   McNichol, Byrne & Matlawski, P.C.

/S/ James J. Byrne, Jr.

_____
James J. Byrne, Jr. Esquire
Attorney for Plaintiff,

Case ID: 250601117

## VERIFICATION

I, James J. Byrne, Jr., hereby state that the facts set forth in the within Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsifications to authorities.

/s/ James J. Byrne, Jr.

_____
James J. Byrne, Jr., Esquire

Case ID: 250601117

## CERTIFICATE OF COMPLIANCE PURSUANT TO PA. R. C. P. 127

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

/s/ *James J. Byrne, Jr.*
James J. Byrne, Jr., Esq.
MCNICHOL, BYRNE & MATLAWSKI, P.C.
1223 N. Providence Road
Media, PA 19063
Telephone: 610-565-4322
Fax: 610-565-9531

Case ID: 250601117

McNichol, Byrne & Matlawski, P.C.  
James J. Byrne, Jr., Esquire  
Attorney I.D. No. 41619  
Kaitlyn T. Searls, Esquire  
Attorney I.D. No. 311237  
1223 N. Providence Road  
Media, PA 19063  
(610) 565-4233

Attorneys for Plaintiff,  
Kay Jackson

## COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

| | |
|---|---|
| **KAY JACKSON**<br>500 Sheffield Drive<br>Wallingford, PA 19086<br>　　　　Plaintiff<br><br>vs.<br><br>**WALT DISNEY PARKS AND RESORTS U.S., INC.**<br>1375 Buena Vista Drive, 4th Floor<br>Lake Buena Vista, Fl 32820<br><br>　　　　Defendant | CIVIL ACTION<br><br><br>TERM, 2025<br><br>NO.<br><br><br>**Jury Trial Demanded** |

### NOTICE TO PLEAD

**NOTICE** You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. **PHILADELPHIA COUNTY BAR ASSOCIATION** LAWYER REFERRAL AND INFORMATION SERVICE 1101 MARKET STREET, 11TH FLOOR PHILADELPHIA, PENNSYLVANIA 19107 TELEPHONE: (215) 238-1701

**AVISO** Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siquientes, usted tiene veinte (20) dias de plazo al partir de la fecha de lan demanda y la notificacion. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiendandes u otros derechos importantes para uted. LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIOI, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. **ASOCIACION DE LICENCIADOR DE PHILADELPHIA** VICIO DE REFERENCIA DE INFORMACION LEGAL 1101 MARKET STREET, 11TH FLOOR PHILADELPHIA, PENNSYLVANIA 19107 TELEFONO: (215) 238-1701

Case ID: 250601117