IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAY JACKSON** | : | |
| | : | **CIVIL ACTION** |
| v. | : | No. 25-3726 |
| | : | |
| **WALT DISNEY PARKS AND RESORTS U.S., INC.** | : : | |

**McHUGH, J.**                                                                                                          **October 1, 2025**

## MEMORANDUM

This is a diversity action brought by a Pennsylvanian, Plaintiff Kay Jackson, who suffered injury at Walt Disney World Magic Kingdom, a Florida resort owned by Defendant Walt Disney Parks and Resorts U.S., Inc. ("WDPR"). Compl. ¶¶ 1, 2, 12, ECF 1-1. Defendant moves to dismiss for lack of personal jurisdiction. Mot. to Dismiss, ECF 13. Plaintiff concedes that this Court lacks specific jurisdiction over WDPR, Mot. to Dismiss Resp. at 5, ECF 15 ("Resp."), so the question becomes whether she can meet the demanding standard for general jurisdiction. Defendant is incorporated and operates its principal place of business in Florida. Justice Decl., ¶ 8, ECF 13-2. It is not registered to do business in Pennsylvania, nor does it have any offices, officers, real estate, bank accounts, assets, or agents authorized to accept service in the Commonwealth. *Id.* ¶¶ 4-7; Mot. to Dismiss Br. at 2, ECF 13-1. The points of contact to which Plaintiff otherwise cites fall well short of the mark in supporting a conclusion that WDPR is "at home" in Pennsylvania. I am therefore constrained to grant the motion to dismiss.

Where a defendant challenges personal jurisdiction in a Rule 12(b)(2) motion, the plaintiff bears the burden to prove that jurisdiction exists. *See N. Penn Gas Co. v. Corning Nat. Gas Corp.*, 897 F.2d 687, 689 (3d Cir. 1990) ("The plaintiff must sustain its burden of proof through sworn affidavits or other competent evidence.") (citation omitted).

General jurisdiction exists when a corporation's "continuous corporate operations within a state [are] thought so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945). Regarding a corporate defendant such as WDPR, the Supreme Court has held that general jurisdiction exists only where the defendant's connections with the forum are "so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Absent unusual circumstances, a corporation is paradigmatically "at home" only where it is incorporated and where its principal place of business is located. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); *see also Chavez v. Dole Food Co.*, 836 F.3d 205, 223 (3d Cir. 2016) ("[I]t is incredibly difficult to establish general jurisdiction [over a corporation] in a forum *other* than the place of incorporation or principal place of business.") (citation omitted). As I recently observed, establishing general jurisdiction "is a daunting proposition given the degree that the Supreme Court has narrowed the standard." *Shelton v. Chaudhry*, 763 F. Supp. 3d 675, 684 n.6 (E.D. Pa. 2025) (McHugh, J.).

As a threshold matter, I reject Defendant's argument that the Third Circuit has definitively addressed whether WDPR may be subject to general jurisdiction in Pennsylvania. *See* Mot. to Dismiss Br. at 6, ECF 13-1. The case on which it relies, *Barth v. Walt Disney Parks & Resorts U.S., Inc.*, 697 F. App'x 119, 120 (3d Cir. 2017), is non-precedential, and has no legal effect. The Circuit itself will not cite such opinions, as they "are not regarded as precedents that bind the court because they do not circulate to the full court before filing." Third Circuit Internal Operating Procedure 5.7. Consequently, any purported guidance from such cases is illusory. *See United States v. James*, 928 F.3d 247, 254 n.5 (3d Cir. 2019) (disregarding the district court's discussion of two non-precedential cases because of their lack of authority); *Faush v. Tuesday Morning, Inc.*,

2

808 F.3d 208, 212 n.1 (3d Cir. 2015) (sympathizing with district judge who "understandably relied" on three non-precedential opinions before reversing him, noting their non-binding status); *Allegheny Cnty. Emps.' Ret. Sys. v. Energy Transfer LP*, 532 F. Supp. 3d 189, 236 (E.D. Pa. 2021) (McHugh, J). I will therefore consider the substance of the arguments advanced by Plaintiff.

First, Plaintiff observes that Disney, WDPR's parent company, owns a television station in Pennsylvania, WPVI-Channel 6 ABC. Resp. at 3, ECF 15. Second, Plaintiff asserts, albeit without any supportive evidence or sworn declaration, that WDPR advertises "heavily" in the Philadelphia Metropolitan Area. *Id.* And third, Plaintiff argues that Disney, WDPR's parent company, owns the television series "It's Always Sunny in Philadelphia," establishing a connection to the region because Disney's intellectual property is set in Pennsylvania. *Id.*

Each of these somewhat creative arguments fails to establish that WDPR's connections to Pennsylvania are sufficiently "continuous and systematic." As to the local television station and Disney's intellectual property, the parent/subsidiary relationship by itself does not render Disney's local contacts relevant to whether there is jurisdiction over WDPR, its subsidiary. Rather, there must be some indication that the parent directed its subsidiary to act on its behalf in the forum state. *See Daimler*, 571 U.S. at 137; *Litman v. Walt Disney World Co.*, No. 01-CV-3891, 2002 WL 468707, at *6 (E.D. Pa. Mar. 26, 2002) ("A simple showing of a parent/subsidiary relationship (or, as in this case, that related companies have a common parent) does not establish that the contacts of one company should be imputed to another for jurisdictional purposes, when the parent [] is not acting as an agent for the defendant corporation."). Plaintiff makes no such showing here, and it is hard to conceive how the theme park entity operating in Florida would logically be tasked with any meaningful responsibility for a local television station owned by its parent company in Philadelphia.

3

As to the television series owned by Disney, Plaintiff alleges only that it is "set in the city," thereby creating a "connection" to Philadelphia, "although admittedly . . . not a tangible presence." Resp. at 3, ECF 15.  I cannot see how the backdrop for a wholly fictional situation comedy has any bearing on whether an actual corporation has contacts with Pennsylvania.

Plaintiff's allegations regarding WDPR's advertising in the region are similarly unpersuasive, because in the absence of any affidavit or declaration to support her conclusory pleading, Plaintiff fails to meet her burden.  Judicial notice is inappropriate for such a broad question.  Given multiple media outlets and a plethora of Disney companies, a court is hardly well situated to reach any global, incontestable conclusion about the extent of WDPR's advertising. Among other things, it matters whether advertising is national in scope or focused specifically on Pennsylvania.  *See Gehling v. St. George's Sch. of Med., Ltd.*, 773 F.2d 539, 542 (3d Cir. 1985) (explaining that advertising in two non-Pennsylvania newspapers with international circulations does not constitute "continuous and substantial" contacts with the forum state).  And advertising by one Disney entity targeted toward Pennsylvania does not count as a jurisdictional contact for WDPR unless specifically intended to promote its interests.  As the Third Circuit has recognized, "[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state." *Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir. 1982) (citations omitted).

Because Plaintiff has not met the exacting standard for general jurisdiction, Defendant's motion to dismiss must be granted.  An appropriate order follows.

                                                 /s/ Gerald Austin McHugh
                                                 United States District Judge